CLERK'S OFFICE U.S. DIST. COURT
                                          AT DANVILLE, VA
                                               FILED
                                            JAN - 6 2012
                                        JULIA C. DUDLEY, CLERK
                                        BY:
                                             DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CURTIS JEFFERSON, | ) | Civil Action No. 7:11-cv-00397 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By:  Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Curtis Jefferson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that his state-court convictions were obtained in violation of his constitutional rights. Respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as time barred and procedurally defaulted.

I.

On August 13, 2008, the Circuit Court for the County of Page entered petitioner's criminal judgment following his guilty pleas to rape, a third offense of driving under the influence, and attempting to intimidate a witness. The Circuit Court sentenced him to, inter alia, fifty years' incarceration but suspended forty years. Petitioner did not appeal his convictions.

On November 9, 2009, petitioner filed a state habeas petition with the Circuit Court. Petitioner argued that his counsel provided ineffective assistance by not helping him; advising him he would be found guilty at a trial because of the crime and his race; not obtaining an expert to evaluate the victim; not presenting the lack of inculpatory physical evidence; not testing furniture to prove consensual sex occurred in his apartment; and not impeaching the victim's "contrived" statements to police. Petitioner also argued that state police did not accurately record the victim's statements and that the evidence was insufficient because his DNA was not found at

the rape scene. By its second corrected final order issued on June 9, 2010, the Circuit Court dismissed petitioner's claims as procedurally defaulted via Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974),[1] refuted by his statements during his plea colloquy, and unmeritorious.

Petitioner appealed the dismissal to the Supreme Court of Virginia, which dismissed his petition for appeal on February 28, 2011. The Supreme Court of Virginia determined that petitioner failed to comply with its Rule 5:17(c)(1)(iii) because the assignments of error did not describe specific errors in the Circuit Court's ruling.

Petitioner filed the instant federal habeas petition on August 18, 2011. Petitioner presently argues that following claims:

1. Counsel was ineffective because he presented no evidence on petitioner's behalf and because he failed to obtain a psychiatric expert to evaluate the victim;

2. The state police did not provide accurate information about the victim's statements;

3. The evidence was insufficient because petitioner's DNA was not found at the scene of the crime;

4. Counsel was ineffective for failing to have a sofa chair tested for DNA because petitioner had consensual sex with the victim there;

5. Counsel was ineffective for failing to present the lack of physical evidence;

6. Counsel was ineffective for failing to obtain an expert to evaluate the victim;

7. Counsel was ineffective for failing to use contrived statements made by the victim to law enforcement to challenge those statements and impeach the witness;

8. Counsel was ineffective for telling petitioner that he would be found guilty if he went to trial because of the nature of the crime and his race;

---

[1] Slayton precludes a Virginia court from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not.

2

9. Counsel was ineffective for failing to interview a potential witness; and

10. Counsel had a conflict of interest because he had previously represented the victim's parents.

Petitioner presented Claims 1 through 8 in his state habeas petition, but Claims 9 and 10 are new claims not previously presented. Respondent requests dismissal of these claims as time barred and procedurally defaulted.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[3] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

---

[2] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[3] Petitioner did not argue timeliness under subsections (B) through (D).

3

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on September 12, 2008, when the time expired for petitioner to note an appeal from the Circuit Court to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition in November 2009, more than 400 days after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). Accordingly, petitioner failed to timely file the instant petition, and I must dismiss it unless I equitably toll the statute of limitations.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

Petitioner does not argue any basis to equitably toll the statute of limitations. Furthermore, I do not find any extraordinary circumstance in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating pro se status and ignorance of the law does not justify equitable tolling); Turner v.

Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period).  Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

Even if the petition was timely filed, petitioner procedurally defaulted his claims by not properly presenting them to the Supreme Court of Virginia.  A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court."  Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).  See 28 U.S.C. § 2254(b) (mandating exhaustion).  Because petitioner failed to present Claims 9 and 10 to the Supreme Court of Virginia, he may not now raise them on federal habeas review.  These two previously omitted claims are treated as simultaneously exhausted and defaulted because they would be procedurally barred by state law if petitioner returned to state court to raise them.  Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986).  See VA. CODE § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition.").

Furthermore, a federal habeas claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule."  Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006).  A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met.  28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988).  First, the state court must explicitly rely on the procedural ground to deny petitioner relief.  Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61

5

(1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The Supreme Court of Virginia dismissed petitioner's habeas appeal because he failed to comply with Supreme Court of Virginia Rule 5:17(c)(1)(iii).[4] The Fourth Circuit Court of Appeals recognizes that a procedural default pursuant to Virginia Supreme Court Rule 5:17(c) is based on an independent and adequate state procedural rule. Mueller v. Angelone, 181 F.3d 557, 583-84 (4th Cir. 1999). See Whitley, 802 F.2d at 1500 (interpreting Va. Sup Ct. R. 5:21 which was substantially renumbered as Rules 5:17 and 5:25). Therefore, the Supreme Court of Virginia dismissed petitioner's appeal because of an independent and adequate state procedural rule, and petitioner also procedurally defaulted Claims 1 though 8. See Whitley, 802 F.2d at 1500 ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims.").

---

[4] This rule requires a petitioner's petition for appeal to have:
> A heading entitled 'Assignments of Error,' [which] the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. An exact reference to the page(s) of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error. . . . An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

A court may not review a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of ineffective assistance of counsel, a factor external to the defense which impeded compliance with the state procedural rule, or the novelty of the claim. Coleman v. Thompson, 501 U.S. 722, 753 54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner does not argue any basis to excuse his procedural default of all his federal habeas claims. Thus, the petition is subject to dismissal for procedural default even if petitioner timely filed the petition.

### III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 6th day of January, 2012.

Senior United States District Judge